**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4220**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

CHARLES ELOYS JOHNSON, a/k/a Adam White,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:15-cr-00386-RMG-1)

Submitted: September 11, 2020          Decided: September 21, 2020

Before WILKINSON and MOTZ, Circuit Judges, and Kenneth D. BELL, United States District Judge for the Western District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

David Alan Brown, Sr., Rock Hill, South Carolina, for Appellant. Peter M. McCoy, Jr., United States Attorney, Columbia, South Carolina, Nathan S. Williams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Charles Eloys Johnson of two counts of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and two counts of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Johnson appeals, and for the reasons that follow, we affirm.

I.

This case arises from the commission of a pair of jewelry store robberies in South Carolina — one in Columbia and another in Charleston. In each robbery, two masked men entered the store (one carrying and brandishing a gun and the other carrying a hammer), smashed glass display cases, and took Rolex watches; two additional men waited in a getaway car.

The Government contends that Johnson served as the ringleader in both robberies. At trial, security camera footage and witness testimony showed that Johnson purchased the getaway cars, and testimony from a cooperating witness and cell phone data indicated that Johnson recruited and communicated with his co-conspirators. Additionally, cell tower data showed that Johnson's cell phone travelled to and from Charleston and Columbia consistent with the timing of the robberies. Although no evidence identified Johnson as one of the masked men who entered the stores, the Government maintained that Johnson was one of the individuals in the getaway cars.

At the conclusion of the evidence, the district court instructed the jury that both Hobbs Act robbery and conspiracy to commit Hobbs Act robbery constitute crimes of

2

violence under § 924(c). The court also instructed the jury that Johnson could be found guilty of violating § 924(c) under an aiding-and-abetting theory as long as he had "advance knowledge that a confederate would possess a firearm in furtherance of the robbery," and that Johnson could be found guilty under a co-conspirator, or *Pinkerton*, theory as long as it was "reasonably foreseeable to [him] that a firearm would be used in furtherance of the conspiracy to commit robbery." Johnson did not object to the jury instructions.

The jury returned a verdict of guilty on all counts. The general verdict form did not specify which predicate offense the jury relied on for the § 924(c) convictions, nor did it specify whether it found Johnson guilty of violating § 924(c) as a principal, aider and abettor, or co-conspirator. The district court sentenced Johnson to imprisonment for 384 months and one day. He noted this timely appeal.

II.

Johnson principally argues that the district court committed reversible error in its jury instructions.[*] He contends that the district court erred in instructing the jury that Hobbs Act conspiracy constitutes a crime of violence. For this reason, Johnson maintains

---

[*] Johnson makes two additional claims. First, he raises an ineffective assistance of counsel claim. On direct appeal he must demonstrate that the record "conclusively shows ineffective assistance," *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992), which he has failed to do. Second, Johnson argues that we must vacate his sentence in light of the First Step Act's recent amendment of § 924(c). However, the First Step Act does not apply to Johnson's sentence, which was imposed on April 10, 2017, more than a year before the enactment of the First Step Act on December 21, 2018. *See* Pub. L. No. 115-391 § 403(b), 132 Stat. 5194, 5222.

3

that his convictions for possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), are invalid.

Because Johnson did not object to the jury instructions, we review them for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731 (1993). To obtain reversal on plain error review, a defendant must show that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ramirez-Castillo*, 748 F.3d 205, 212 (4th Cir. 2014).

Johnson has met his burden of showing that the district court committed an "error" that is "plain." An error is plain if, "at the time of appellate consideration, the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Walker*, 934 F.3d 375, 378 (4th Cir. 2019) (quotation marks omitted). In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court struck down the residual clause of § 924(c) as unconstitutionally vague. *Id*. at 2336. And in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc), we held that conspiracy to commit Hobbs Act robbery does not constitute a crime of violence. *Id*. at 233. The district court thus plainly erred in its Hobbs Act conspiracy instruction.

Johnson, however, cannot establish that this error "affects [his] substantial rights," *Ramirez-Castillo*, 748 F.3d at 212, because the jury could have based the firearms convictions not on conspiracy to commit robbery, but on Hobbs Act robbery charges, which do constitute valid § 924(c) predicates. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Johnson argues that the latter convictions do not provide valid

predicates because the jury could have convicted him under a co-conspirator, or *Pinkerton*, theory, which he believes *Simms*, 914 F.3d 229, foreclosed. This argument confuses the *offense* of Hobbs Act conspiracy with the co-conspirator *theory of liability* for Hobbs Act robbery. Under the *Pinkerton* doctrine, "a defendant is liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy." *United States v. Blackman*, 746 F.3d 137, 141 (4th Cir. 2014) (quotation marks omitted). This theory of liability "merely represents an alternative form of vicarious liability," *id*., and we have long-held that "a co-conspirator's § 924(c)(1) violation may be imputed to other members of the conspiracy . . . under the *Pinkerton* conspiracy doctrine." *United States v. Cummings*, 937 F.2d 941, 944 (4th Cir. 1991); *accord United States v. Hare*, 820 F.3d 93, 105 (4th Cir. 2016). It is of no moment in this case that the offense of conspiracy to commit Hobbs Act robbery is an invalid § 924(c) predicate following *Simms*, because the *Pinkerton* theory of liability for Hobbs Act robbery remains a valid § 924(c) predicate.

Johnson also maintains that there was insufficient evidence to instruct the jury that he could be found guilty of violating § 924(c) as a principal or as an aider and abettor. Even if the Government did present insufficient evidence and the instruction were error (a question we do not reach), this argument also fails. This is so because the jury was "properly instructed on *Pinkerton* liability and the evidence amply demonstrate[d] that it was reasonably foreseeable to [Johnson] that a co-conspirator would possess a firearm" — which Johnson does not contest — and so "any error in the aiding and abetting instruction does not satisfy the plain error standard." *Hare*, 820 F.3d at 105. By the same token, any

5

error in the principal instruction would also not satisfy the plain error standard. *United States v. Robinson*, 627 F.3d 941, 956 (4th Cir. 2010).

Accordingly, notwithstanding the district court's error in instructing the jury that Hobbs Act conspiracy is a crime of violence, the judgment of the district court is

*AFFIRMED*.